NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FARON E. LOVELACE,

Plaintiff-Appellant,

v.

ROBIN SANDY; et al.,

Defendants-Appellees.

No. 16-35782

D.C. No. 1:16-cv-00044-EJL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Idaho state prisoner Faron E. Lovelace appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging a First Amendment

access-to-courts claim. We have jurisdiction under 28 U.S.C. § 1291. We review

de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)).  We affirm.

The district court properly dismissed Lovelace's action because Lovelace failed to allege facts sufficient to state a plausible claim.  *See* Fed. R. Civ. P. 8(a)(2) (complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (complaint must offer more than "naked assertions devoid of further factual enhancement" (citation, internal quotation marks, and alterations omitted)); *Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (access-to-courts claim requires showing that the defendant's conduct caused actual injury).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Lovelace's October 18, 2016 motion for leave to file a supplemental brief is granted.  The Clerk shall file the supplemental brief received on October 18, 2016.

All other pending motions and requests are denied.

**AFFIRMED.**